

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP–76,800

**EX PARTE ALBERTO GIRON PEREZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2649-CR IN THE 50TH JUDICIAL DISTRICT COURT FROM COTTLE COUNTY

MEYERS, J., filed a dissenting opinion.

### DISSENTING OPINION

Although we have not yet seen Applicant's petition for discretionary review, the majority says that there is no reason to allow him to file an out-of-time PDR because the passage of time makes it hard for the State to retry him. There are a few steps the majority seems to be skipping here. First, Applicant may not file a PDR even if we allow him to; second, the chances of us granting the PDR are pretty slim; and third, it is even more unlikely that we would grant Applicant relief–especially in the form of a new trial. I think the majority is a bit premature to worry about the State's ability to retry. The

majority focuses on the heavy burden on the State, but all Applicant is asking is to be allowed to file a PDR. And if we deny this application, then he has used his one writ of habeas corpus and any future writ would be dismissed as subsequent under Code of Criminal Procedure Article 11.07, Section 4.

It looks like the State has won the trifecta here because the majority has (1) expanded the doctrine of laches to include prejudice to the State's ability to retry a defendant, (2) applied this definition of prejudice at a point in the case when the State's ability to retry the defendant is not yet at issue, and (3) done so without the State even having to raise the issue. The enthusiasm exhibited by the majority in this case rivals that of a pharmaceutical company who has eagerly announced the miracle cure for a disease that has not yet been discovered and may not even exist. The purpose of this opinion at this stage of the game escapes me, as does the motivation. There was certainly no necessity to implement laches at this stage of the writ process. Apparently there was either a desire to present the State with this theory to halt the proceedings before they even begin or this particular Applicant simply fit the profile for someone who is undeserving of the granting of a writ. In either case, it has now turned into the gift that keeps on giving.

Neither the State nor the majority has shown that the State's ability to defend long-standing convictions is prejudiced by us allowing Applicant to file an out-of-time PDR. I would let him file the PDR, and then *if* we grant the PDR and *if* we decide he is entitled to

relief, then we can determine *if* there is prejudice to the State.  I therefore respectfully dissent.


Filed: May 8, 2013
Publish